Nos. 11-56944, 11-57002; 12-55064

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————————

**JOHN URBINO, for himself and on behalf of
other current and former employees,
Plaintiff-counter-defendant – Appellee/Cross-Appellant,**

**vs.**

**ORKIN SERVICES OF CALIFORNIA, INC.,
a Delaware corporation; ROLLINS, INC.,
Defendants-counter-claimants – Appellants/Cross-Appellees.**

———————————

D.C. No. 2:11-cv-06546-CJC-PJW
U.S. District Court for the Central District of California, Los Angeles

———————————

## MOTION OF *AMICUS CURIAE* CALIFORNIA EMPLOYMENT LAW COUNCIL FOR LEAVE TO FILE ATTACHED BRIEF IN SUPPORT OF PETITION FOR REHEARING *EN BANC*

———————————

PAUL GROSSMAN (SB# 35959)
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  1(213) 683-6000
Facsimile:   1(213) 627-0705
Email:  paulgrossman@paulhastings.com

Attorneys for *Amicus Curiae*
CALIFORNIA EMPLOYMENT LAW COUNCIL.

Pursuant to Rule 29 of the Rules of Appellate Procedure, proposed *amicus curiae* California Employment Law Council (CELC) hereby moves for leave to file the attached Brief Of *Amicus Curiae* California Employment Law Council In Support Of Petition For Rehearing En Banc.  Defendants Orkin Services of California, Inc. and Rollins, Inc. have consented to the filing of this brief.  As of the filing of this motion, counsel for John Urbino has not replied to a telephone message seeking his consent.

CELC is an organization of approximately 60 of California's largest employers.  Some of our members are domiciled in California – others are domiciled in other states.  As is the case for almost every major California employer, our members are regularly sued under the Private Attorney General Act (PAGA), California Labor Code section 2698, *et seq.*  These cases generally involve very large amounts of money, far in excess of the "at issue" amounts necessary for removal.

CELC is very disturbed by the 2 to 1 panel decision in this case, finding a PAGA case concededly involving eight figures of potential liability not to be removable for failure to meet the "at issue" amounts necessary.  The practical effect of the majority's opinion is that the PAGA cases brought against out of state corporations in California state courts for mammoth amounts of money are never,

as a matter of law, removable.  This is directly contrary to the interests of our members.

CELC believes that it has unusual expertise with respect to PAGA, and that its perspective will be valuable to the court in understanding a basic point made by our *amicus* brief, to wit, that there is no need to aggregate individual claims – the one claim by John Urbino as proxy for the State of California, to be paid directly to the state if successful, far exceeds the amount at issue required for removal.

CELC has been granted leave to participate as *amicus curiae* in many of California's leading employment cases over the last quarter century.  We respectfully request leave to file the attached brief.

DATED:  September 4, 2013

Respectfully submitted,

PAUL HASTINGS LLP
PAUL GROSSMAN

By:      /s/ Paul Grossman
        PAUL GROSSMAN

Attorneys for *Amicus Curiae*
CALIFORNIA EMPLOYMENT LAW COUNCIL

Nos. 11-56944, 11-57002; 12-55064

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

**JOHN URBINO, for himself and on behalf of
other current and former employees,
Plaintiff-counter-defendant – Appellee/Cross-Appellant,**

**vs.**

**ORKIN SERVICES OF CALIFORNIA, INC.,
a Delaware corporation; ROLLINS, INC.,
Defendants-counter-claimants – Appellants/Cross-Appellees.**

_____

D.C. No. 2:11-cv-06546-CJC-PJW
U.S. District Court for the Central District of California, Los Angeles

_____

**BRIEF OF _AMICUS CURIAE_ CALIFORNIA EMPLOYMENT LAW
COUNCIL IN SUPPORT OF PETITION FOR REHEARING _EN BANC_**

_____

PAUL GROSSMAN (SB# 35959)
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705
Email:  paulgrossman@paulhastings.com

Attorneys for _Amicus Curiae_
CALIFORNIA EMPLOYMENT LAW COUNCIL

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   THIS COURT SHOULD GRANT REHEARING *EN BANC*……..  1

II.  CONCLUSION……………………………………………… 9

CORPORATE DISCLOSURE STATEMENT…………………………11

CERTIFICATE OF COMPLIANCE…………………………………12

## TABLE OF AUTHORITIES

<u>Page(s)</u>

### FEDERAL CASES

*Eagle v. American Tel. & Tel. Co*.,
    769 F.2d 541 (9th Cir. 1985)……………………………………………… 8

*Rodriguez v. AT&T Mobility Services LLC,*
    2013 U.S. Dist. LEXIS 17851
    (9th Cir. Aug. 27, 2013)………………………………………………….. 9

### STATE CASES

*Arias v. Superior Court,*
    46 Cal. 4th 969 (2009)…………………………………………….. 3, 5, 6

### RULES

Rules of Appellate Procedure, Rule 29……………………………………… 1

### STATE STATUTES

Cal. Lab. Code § 226…………………………………………………... 2

Cal. Lab. Code § 226(e)(1)………………………………………….. 2

Cal. Lab. Code § 2698, *et seq*.………………………………………… *passim*

Cal. Lab. Code § 2699(f)(2)…………………………………………… 2

Cal. Lab. Code §2699(i)………………………………………………….. 3

ii

## **TABLE OF AUTHORITIES Cont'd**

<u>Page(s)</u>

## **OTHER AUTHORITIES**

3 Chin, Weisman, Callahan & Exelrod,
*California Practice Guide, Employment Litigation*
Remedies (2010)……………………………………………….. 5

*Amicus curiae* California Employment Law Council (CELC) supports the petition for rehearing *en banc*.  CELC respectfully suggests that the panel decision is wrong and that the trial court and the dissent correctly analyzed the removal of Private Attorney General Act (PAGA)[1] cases.  The practical effect of the majority's opinion is that PAGA cases brought against out-of-state corporations in California state courts for mammoth amounts of money are never, as a matter of law, removable.  This is directly contrary to the intent of the removal statue – that large assertions of liability against an out of state corporation in the courts of a state are normally removable to federal court.  But more important, the dissent and the trial court are correct in understanding the nature of a PAGA action.  There is no need to aggregate individual claims – the one claim by John Urbino as proxy for the state of California, to be paid directly to the state if successful, far exceeds the amount at issue required for removal.

## I.

## <u>THIS COURT SHOULD GRANT REHEARING *EN BANC*</u>

A simple hypothetical will demonstrate the majority's error:

---

[1] California Labor Code section 2698 *et seq.*

1

Assume an out of state corporation with 10,000 California employees issues paychecks to its employees which do not contain all the elements that must be included with a paycheck under California Labor Code section 226. The out of state corporation quickly realizes its error, and the error is not repeated.

A violation of California Labor Code section 226 has occurred. This results in two types of potential liability for the out-of-state corporation. First, there is a *statutory* penalty payable directly to each employee. The *statutory* penalty for the first deficient paycheck is "the greater of all actual damages or fifty dollars ($50) . . . and is entitled to an award of costs and reasonable attorneys' fees." Cal. Lab. Code § 226(e)(1) Each employee has an individual right to recover these amounts in a suit under the Labor Code, which can be brought as a class action. In the case at bar, the plaintiff elected not to seek *statutory* penalties.

Second, under the Private Attorney General Act, California Labor Code section 2698 *et seq.* ("recovery of *civil* penalty for violation of Labor Code "), the state of California, but not any individual employee, is entitled to a *civil* penalty. A *civil* penalty for an initial violation is $100 per employee per pay period. Cal. Lab. Code § 2699(f)(2). The total amount of money the state is entitled to recover in *civil* penalties where 10,000 employees each received a check that did not contain all the necessary elements of information is thus $1,000,000

2

($100 times 10,000 employees). This is an undivided sum in which no individual employee has an interest.

However, if one of the 10,000 employees wishes to bring a PAGA suit seeking *civil penalties*, under PAGA, as the petition explains, the employee must offer the state the opportunity to proceed first. If the state does so, and wins, it recovers the undivided sum of $1,000,000.

However, if the state elects not to proceed, the individual employee now becomes a private attorney general, and brings the same $1,000,000 claim "as the proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009). When this occurs there is one and only one change in the undivided $1,000,000 in civil penalties at issue. If the plaintiff prevails, our hypothetical $1,000,000 will be divided with 75% going to the State of California Labor and Workforce Development Agency ("LWDA") and 25% "to the aggrieved employees." Cal. Lab. Code § 2699(i). Thus, what is at issue in our hypothetical PAGA case is an undivided sum of $750,000 being sought by the individual plaintiff as the proxy for the state, to be paid in one lump sum to the state, and $250,000 which will be divided among the 10,000 employees.

One could argue whether counting the $250,000 for purposes of determining the amount at issue for purposes of diversity removal constitutes an aggregation but the issue is irrelevant.  It is not subject to reasonable argument that the undivided sum of $750,000, in which no individual employee has any actual or potential interest, is a single sum of money sought by a single plaintiff as the proxy for the state.

Moving from the hypothetical to the actual facts of this case, according to the majority opinion, $11,602,000.40 in penalties were at issue.  An undivided 75% of this amount, if the lawsuit is successful, would go in a single payment to the state – no employee would have any interest whatsoever, potential or otherwise, in this amount.  The remaining 25% would be distributed to the "aggrieved employees."  Seventy-five percent of $11,602,000.40 is $8,701,500.00. This is over 100 times the jurisdictional amount.  End of issue.  The individual plaintiff, as the proxy for the state, seeks an undivided $8.7 million in which no individual employee, or anyone else, other than the state of California has an interest.

Thus, the issue is not whether or not to aggregate the claims of the individual employees who were the subject of the alleged Labor Code violations. They have their own rights to *statutory* damages.  But with respect to *civil*

damages, other than the 25% that the state has chosen under PAGA to cede to the individual employees, a single lump sum of $8.7 million is being sought by the individual plaintiff as a proxy for the state. There is nothing to aggregate. Aggregation is a red herring. An undivided sum of $8.7 million is at issue, and that far exceeds the jurisdictional amount. And all this without regard to the purpose of diversity removal – to prevent out-of-state parties from being sued for substantial amounts in the courts of what is to them a foreign state without the ability to remove on diversity grounds.

The analysis need go no further. But there is much more. Consider the following:

- There are no individual claims for PAGA penalties. "Any suit under PAGA is a representative action." 3 Chin, Weisman, Callahan & Exelrod, *California Practice Guide, Employment Litigation,* Remedies ¶ 17:777 (2010).

- A PAGA claim is "'a law enforcement action designed to protect the public and not to benefit private parties.'" *Arias*, 46 Cal. 4th at 986 (citation omitted). This simply reemphasizes

that private parties, the wronged employees, have no interest in the undivided 75% of the civil penalties at issue under PAGA.

- The wronged employees' interests are only tangential and derivative; PAGA was not designed to compensate employees nor can the penalties recovered be considered "damages" in a compensatory sense. *Arias*, 46 Cal. 4th at 986.

- Only when the Labor Workforce and Development Agency declines to seek penalties is an aggrieved employee empowered to bring a private civil action for enforcement. Therefore, like shareholders whose suit derives from and is dependent upon injury to the corporation, PAGA suits are maintained by an aggrieved employee whose right to sue is derived strictly from statute and predicated upon the interests of the Labor Workforce and Development Agency.

- Under *Arias*, a PAGA judgment precludes all other suits for PAGA civil penalties based on the same predicate facts – including any imposition of penalties by the LWDA. This indicates that the aggrieved employees' right to recover

penalties comes from a single source and the penalties recovered are akin to a unitary *res* to which aggrieved employees are claiming a right. As the proxy of the state agency, a plaintiff is deputized to pursue the claim for the state agency; the nature of the suit does not change simply because it is held in different hands. If the Labor Workforce and Development Agency were pursuing penalties in a civil action, it would present a single claim for penalties based on the alleged violations suffered by the aggrieved employees – not a multiplicity of claims. It is incongruent that a single claim for civil penalties in the hands of the state would transform into a collection of separate and distinct claims in the hands of a proxy for the state who was simply deputized to act in the state's stead, pursuing the same common interest.

- No viable argument has been presented that the state's decision to share 25% of the recovered penalties transforms the underlying nature of a PAGA action into a series of individual claims which must be aggregated to reach the jurisdictional threshold. In *Eagle v. American Telephone & Telegraph Co.*,

7

769 F.2d 541 (9th Circuit, 1985), a shareholder derivative case, the Ninth Circuit specifically found that the shareholders intended *pro rata* division of the $38 million fund – the amount of the corporation's injury to its assets – did not make their claim separate and distinct.  It remained common and undivided.  769 F.2d at 545-46.

- A PAGA claim is common and undivided because the right to pursue the action derives solely from the state's interest in the enforcement of the Labor Code.  Aggrieved employees have no right to seek any individual recovery under PAGA and are precluded from bringing repeated PAGA suits.  As a result, aggrieved employees have no separate or individual rights to pursue under PAGA that would transform it from a law enforcement action that furthers the interests of the state into a myriad of separate and distinct claims of the aggrieved employees.  Like a typical shareholders' derivative suit where the jurisdictional amount in controversy is predicated on the damages sustained by the corporation – as opposed to the named individual shareholder – the amount at stake in a PAGA

8

claim is predicated on the total amount of the penalties that can be sought by the deputized employee as the proxy of the state.

- This Court recently held in *Rodriguez v. AT&T Mobility Services LLC,* No. 13-56149, 2013 U.S. App. LEXIS 17851 (9th Cir. Aug. 27, 2013), in determining the amount at issue for removal the Ninth Circuit has adopted a preponderance of the evidence test.  In this case in which $11.6 million in penalties is being sought, if the plaintiff is successful, under any test, preponderance of the evidence or otherwise, there is no doubt that the plaintiff will be seeking attorneys' fees far above the jurisdictional amount.  The panel majority's aggregation discussion is totally inapplicable to attorneys' fees.

## II.

## <u>CONCLUSION</u>

The undivided sum sought on behalf of the state by its proxy, John Urbino, far exceeds the $75,000 amount at issue required for diversity removal. The court should grant rehearing *en banc*, and not allow the 2-1 panel decision to

stand, perpetually banning removal of PAGA suits against out-of-state

corporations, regardless of the amount at issue.

DATED:  September 4, 2013

PAUL HASTINGS LLP
PAUL GROSSMAN

By:  _____/s/ Paul Grossman_____
        PAUL GROSSMAN

Attorneys for *Amicus Curiae*
CALIFORNIA EMPLOYMENT LAW COUNCIL

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, the California

Employment Law Counsel certifies that it is a non-profit corporation with no

parent corporation or any other entity that owns more than 10% of its stock.

Neither Orkin Services of California, Inc. nor Rollins, Inc. are members of CELC.

DATED:  September 4, 2013

PAUL HASTINGS LLP
PAUL GROSSMAN


By:  _____/s/ Paul Grossman_____
         PAUL GROSSMAN

Attorneys for *Amicus Curiae*
CALIFORNIA EMPLOYMENT LAW COUNCIL

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and

Ninth Circuit Rule 32-1, I certify that this Brief for *Amicus Curiae* has a Times

New Roman typeface of 14 points and contains 1,755 words, as determined by our

firm's word processing system.

DATED:  September 4, 2013

PAUL HASTINGS LLP
PAUL GROSSMAN


By:    /s/ Paul Grossman
    PAUL GROSSMAN

Attorneys for *Amicus Curiae*
CALIFORNIA EMPLOYMENT LAW COUNCIL

LEGAL_US_W # 76216981.2